JAMES T. CLARK v. ED CUMMINGS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—419.]

**Sale of Real Estate for Taxes.**

Where there has been no assessment of real estate for taxes no title can pass to the purchaser from the auditor's agent for that reason. Real estate can only be legally assessed in the name of the record owner of title.

APPEAL FROM PENDLETON CHANCERY COURT.

November 23, 1880.

OPINION BY JUDGE PRYOR:

The answer of the appellant discloses the fact that he is attempting to collect several hundred dollars of unpaid taxes, and if the blank in appellee's petition makes it defective the admission by the appellant cures the error. There never has been an assessment of the property, and no title could pass to the purchaser from the auditor's agent for that reason. The assessment by the administratrix, or in her name as such, was a mere nullity. There is nothing in the record to show that it was the legal duty of Mrs. Bradford to pay the taxes, nor anything showing that she had the right to assess it or have it listed in her name. This is fatal to the proceeding by the agent, and would result, if sold, in the purchaser parting with his money without acquiring title.

Judgment *affirmed*.

.*Clarke & Simon, for appellant.  J. W. Edwards, for appellees.*